**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00143-CR**
_____

**WILLIAM MITCHELL KEEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 24-03-04315-CR**

**MEMORANDUM OPINION**

A grand jury indicted Appellant William Mitchell Keen ("Appellant" or "Keen") for indecency with a child, a third-degree felony. *See* Tex. Penal Code Ann. § 21.11(a)(2)(A), (d). Keen pleaded "not guilty" to the charge and the jury found Keen guilty. After hearing evidence on punishment, the jury assessed punishment at nine years of confinement. Keen timely filed a notice of appeal.

On appeal, Appellant's court-ordered appellate attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record

1

and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Keen to file a pro se brief, and Keen filed a pro se brief.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief and also receives a pro se brief, the appellate court has two choices. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). "It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;] [o]r, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* (citing *Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). We do not address the merits of each claim raised in an *Anders* brief or a pro se brief when we have determined there are no arguable grounds for review. *Id.* at 827.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record, counsel's brief, and Keen's pro se brief, and we have found nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues

2

raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford*, 813 S.W.2d at 511. We affirm the trial court's judgment.[1]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on April 15, 2026
Opinion Delivered April 22, 2026
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[1] Keen may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.